IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JEFFERSON COUNTY COMMISSION, PATRICIA NOLAND,** *as an individual and behalf of all others similarly situated*, **and DALE MANUEL,** *as an individual and on behalf of all others similarly situated*,

        *Plaintiffs,*

v.                  Civil Action No. 2:11-CV-00989
                                (Bailey, J., King, J., and Berger, J.)

**THORNTON COOPER,**

        *Intervenor Plaintiff*,

v.

**NATALIE E. TENNANT,** *in her capacity as the Secretary of State*, **EARL RAY TOMBLIN,** *in his capacity as the Chief Executive Officer of the State of West Virginia*, **JEFFREY KESSLER,** *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, **and RICHARD THOMPSON,** *in his Capacity as the Speaker of the House of Delegates of the West Virginia Legislature*,

        *Defendants.*

_____

**ANSWER BY THE DEFENDANT WEST VIRGINIA GOVERNOR
EARL RAY TOMBLIN TO THE COMPLAINT BY INTERVENING
PLAINTIFF THORNTON COOPER**

_____

        The Defendant Earl Ray Tomblin, in his official capacity as the Governor of the State of West Virginia, in response to the Complaint filed against him by the Intervening Plaintiff Thornton Cooper in the above-styled case, says as follows:

1. The allegations in Paragraph 1 of the Complaint are admitted.

2. The allegations in Paragraph 2 of the Complaint are admitted.

3. The allegations in Paragraph 3 of the Complaint are admitted.

4. Paragraph 4 of the Complaint states a legal conclusion and does not make factual allegations that are subject to factual admission or denial; jurisdiction is not opposed.

5. Paragraph 5 of the Complaint states a legal conclusion; the Defendant Earl Ray Tomblin does not dispute venue in the Northern or Southern Districts of West Virginia.

6. The allegations in Paragraph 6 of the Complaint are admitted.

7. The Defendant Earl Ray Tomblin admits that West Virginia is entitled to three members of Congress, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are admitted.

9. The allegations in Paragraph 9 of the Complaint are admitted.

10. The Defendant Earl Ray Tomblin admits that Thornton Cooper attended meetings of the Task Force, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. The Defendant Earl Ray Tomblin lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. The Defendant Earl Ray Tomblin says that Attachment A speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. The Defendant Earl Ray Tomblin says that Attachment B speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. The Defendant Earl Ray Tomblin says that Attachment C speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 are admitted.

16. The Defendant Earl Ray Tomblin says that the population numbers in the various plans speak for themselves and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 are, based on the information submitted, admitted.

18. The allegations in Paragraph 18 are, based on the information submitted, admitted.

19. It is admitted that the *West Virginia Constitution* contains the language quoted in Paragraph 19.

20. The allegation in Paragraph 20 is denied.

21. With respect to Paragraph 21 of the Complaint, the Defendant Earl Ray Tomblin incorporates by reference his previous responses to the numbered Paragraphs of the Complaint.

22. Paragraph 22 of the Complaint states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 22 is in support of a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

23. Paragraph 23 of the Complaint states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 23 is in support of a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

24. The allegations in Paragraph 24 are admitted.

25. The allegations in Paragraph 25 are admitted.

26. The allegations in Paragraph 26 are admitted.

27. Paragraph 27 is in the nature of a prayer for relief and is not subject to factual admission or denial; to the extent that Paragraph 27 seeks relief against the Defendant Earl Ray Tomblin, it is denied.

28. Any matter not specifically admitted herein by the Defendant Earl Ray Tomblin is denied.

29. The statements in the Complaint's Prayer for Relief are legal requests that are not susceptible to factual admission or denial; with the exception of the request for a three-judge court, which has been granted, to the extent that any of these statements in the Prayer for Relief seek relief against the Defendant Earl Ray Tomblin, they are denied.

WHEREFORE, the Defendant Earl Ray Tomblin answers as set forth hereinabove to the Complaint.

Respectfully submitted,

EARL RAY TOMBLIN, *Defendant*,

*By counsel*

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *Thomas W. Rodd*
Thomas W. Rodd, Bar No. 3143
Assistant Attorney General
Attorney for Defendant Earl Ray Tomblin

Office of the Attorney General
812 Quarrier Street, 6th Floor

4

Charleston, West Virginia 25301
Telephone:     (304) 558-5830
Fax:           (304) 558-5833
E-mail:        twr@wvago.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I electronically filed the foregoing "Answer by the Defendant Earl Ray Tomblin to Complaint by Intervening Plaintiff Thornton Cooper" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

        To:    David M. Hammer, Esquire
                    Hammer, Ferretti & Schiavoni
                    408 W. King Street
                    Martinsburg, WV 25401
                    Counsel for Plaintiff Jefferson County Comm'n,
                       Patricia Noland, and Dale Manuel

                    Stephen G. Skinner, Esquire
                    Skinner Law Firm
                    P.O. Box 487
                    Charles Town, WV 25414
                    Counsel for Plaintiff Jefferson County Comm'n,
                       Patricia Noland, and Dale Manuel

                    Stuart Thornton Cooper, Esquire
                    3015 Ridgeview Drive
                    South Charleston, WV 25303
                    Counsel for Intervenor Plaintiff

                    George E. Carenbauer, Esquire
                    Steptoe & Johnson, PLLC-Charleston
                    P.O. Box 1588
                    Charleston, WV 25326-1588
                    Counsel for Defendant Jeffrey Kessler

                    Cynthia A. Majestro, Esquire
                    Powell & Majestro, PLLC
                    405 Capitol Street, Suite P-1200
                    Charleston, WV 25301
                    Counsel for Defendant Richard Thompson

                                        /s/ *Thomas W. Rodd*
                                        Thomas W. Rodd, Bar No. 3143
                                        Assistant Attorney General
                                        Attorney for Defendant Natalie E. Tennant

Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, West Virginia 25301
Telephone: (304) 558-5830
Fax: (304) 558-5833
E-mail: twr@wvago.gov