IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JEFFERSON COUNTY COMMISSION, PATRICIA NOLAND,** *as an individual and behalf of all others similarly situated*, **and DALE MANUEL,** *as an individual and on behalf of all others similarly situated*,

        *Plaintiffs*,

v.                         Civil Action No.  2:11-CV-00989
                             (Bailey, J., King, J., and Berger, J.)

**THORNTON COOPER,**

        *Intervenor Plaintiff*,

v.

**NATALIE E. TENNANT,** *in her capacity as the Secretary of State*, **EARL RAY TOMBLIN,** *in his capacity as the Chief Executive Officer of the State of West Virginia*, **JEFFREY KESSLER,** *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, **and RICHARD THOMPSON,** *in his Capacity as the Speaker of the House of Delegates of the West Virginia Legislature*,

        *Defendants.*

_____

**ANSWER BY THE DEFENDANT WEST VIRGINIA SECRETARY OF STATE NATALIE E. TENNANT TO THE COMPLAINT BY INTERVENING PLAINTIFF THORNTON COOPER**
_____

      The Defendant Natalie E. Tennant, in her official capacity as the Secretary of State of the State of West Virginia, in response to the Complaint filed against her by the Intervening Plaintiff Thronton Cooper in the above-styled case, says as follows:

1. The allegations in Paragraph 1 of the Complaint are admitted.

2. The allegations in Paragraph 2 of the Complaint are admitted.

3. The allegations in Paragraph 3 of the Complaint are admitted.

4. Paragraph 4 of the Complaint states a legal conclusion and does not make factual allegations that are subject to factual admission or denial; jurisdiction is not opposed.

5. Paragraph 5 of the Complaint states a legal conclusion; the Defendant Natalie E. Tennant does not dispute venue in the Northern or Southern Districts of West Virginia.

6. The allegations in Paragraph 6 of the Complaint are admitted.

7. The Defendant Natalie E. Tennant admits that West Virginia is entitled to three members of Congress, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are admitted.

9. The allegations in Paragraph 9 of the Complaint are admitted.

10. The Defendant Natalie E. Tennant admits that Thornton Cooper attended meetings of the Task Force, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. The Defendant Natalie E. Tennant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. The Defendant Natalie E. Tennant says that Attachment A speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     The Defendant Natalie E. Tennant says that Attachment B speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     The Defendant Natalie E. Tennant says that Attachment C speaks for itself, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 are admitted.

16.     The Defendant Natalie E. Tennant says that the population numbers in the various plans speak for themselves, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 are, based on the information submitted, admitted.

18.     The allegations in Paragraph 18 are, based on the information submitted, admitted.

19.     It is admitted that the *West Virginia Constitution* contains the language quoted in Paragraph 19.

20.     The allegation in Paragraph 20 is denied.

21.     With respect to Paragraph 21 of the Complaint, the Defendant Natalie E. Tennant incorporates by reference her previous responses to the numbered Paragraphs of the Complaint.

22.     Paragraph 22 of the Complaint states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 22 is in support of a claim for relief against the Defendant Natalie E. Tennant, it is denied.

23.     Paragraph 23 of the Complaint states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 23 is in support of a claim for relief against the Defendant Natalie E. Tennant, it is denied.

24. The allegations in Paragraph 24 are admitted.

25. The allegations in Paragraph 25 are admitted.

26. The allegations in Paragraph 26 are admitted.

27. Paragraph 27 of the Complaint is in the nature of a prayer for relief and is not subject to factual admission or denial; to the extent that Paragraph 27 seeks relief against the Defendant Natalie E. Tennant, it is denied.

28. Any matter not specifically admitted herein by the Defendant Natalie E. Tennant is denied.

29. The statements in the Complaint's Prayer for Relief are legal requests that are not susceptible to factual admission or denial; with the exception of the request for a three-judge court, which has been granted, to the extent that any of these statements in the Prayer for Relief seek relief against the Defendant Natalie E. Tennant, they are denied.

WHEREFORE, the Defendant Natalie E. Tennant answers as set forth hereinabove to the Complaint.

          Respectfully submitted,

          NATALIE E. TENNANT, *Defendant*,

          *By counsel*

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *Thomas W. Rodd*
Thomas W. Rodd, Bar No. 3143
Assistant Attorney General
Attorney for Defendant Natalie E. Tennant

Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, West Virginia 25301

Telephone:  (304) 558-5830
Fax:  (304) 558-5833
E-mail:  twr@wvago.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 19, 2011, I electronically filed the foregoing "Answer by the Defendant Natalie E. Tennant to Complaint by Intervening Plaintiff Thornton Cooper" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

>   To:  David M. Hammer, Esquire
>        Hammer, Ferretti & Schiavoni
>        408 W. King Street
>        Martinsburg, WV 25401
>        Counsel for Plaintiff Jefferson County Comm'n,
>          Patricia Noland, and Dale Manuel
>
>        Stephen G. Skinner, Esquire
>        Skinner Law Firm
>        P.O. Box 487
>        Charles Town, WV 25414
>        Counsel for Plaintiff Jefferson County Comm'n,
>          Patricia Noland, and Dale Manuel
>
>        Stuart Thornton Cooper, Esquire
>        3015 Ridgeview Drive
>        South Charleston, WV 25303
>        Counsel for Intervenor Plaintiff
>
>        George E. Carenbauer, Esquire
>        Steptoe & Johnson, PLLC-Charleston
>        P.O. Box 1588
>        Charleston, WV 25326-1588
>        Counsel for Defendant Jeffrey Kessler
>
>        Cynthia A. Majestro, Esquire
>        Powell & Majestro, PLLC
>        405 Capitol Street, Suite P-1200
>        Charleston, WV 25301
>        Counsel for Defendant Richard Thompson

>                         /s/ *Thomas W. Rodd*
>                         Thomas W. Rodd, Bar No. 3143
>                         Assistant Attorney General
>                         Attorney for Defendant Natalie E. Tennant

Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, West Virginia 25301
Telephone:	(304) 558-5830
Fax:	(304) 558-5833
E-mail:	twr@wvago.gov