**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**JEFFERSON COUNTY COMMISSION;
PATRICIA NOLAND,** *as an individual
and behalf of all others similarly situated*;
**and DALE MANUEL,** *as an individual and
behalf of all others similarly situated*,

      Plaintiffs, and

**THORNTON COOPER,**

      Intervening Plaintiff,

**v.**                            **Civil Action No. 2:11-CV-989
(KING, BAILEY, BERGER)**

**NATALIE E. TENNANT,** *in her capacity as
the Secretary of State*; **EARL RAY TOMBLIN,**
*in his capacity as the Chief Executive Officer
of the State of West Virginia*; **JEFFREY
KESSLER,** *in his capacity as the Acting
President of the Senate of the West Virginia
Legislature*; **and RICHARD THOMPSON,** *in
his capacity as the Speaker of the House of
Delegates of the West Virginia Legislature*,

      Defendants.

## MEMORANDUM IN SUPPORT OF MOTION BY THORNTON COOPER  FOR SUMMARY JUDGMENT.

      **Thornton Cooper**, the Intervening Plaintiff, hereby submits his **Memorandum in**

**Support of his Motion for Summary Judgment i**n the above-captioned case.  That

motion, with an accompanying affidavit, is being filed on the same date.

This memorandum will **also** serve as the **opening brief** that Mr. Cooper is authorized to file by 5:00 p.m. on December 20, 2011, pursuant to this Court's scheduling order of December 6, 2011.

Due to the facts (a) that Mr. Cooper was subpoenaed to testify as a witness in the United States District Court for the Southern District of West Virginia in Civil Action No. 2:09-1272 in a trial on Tuesday, December 13, 2011 (as Mr. Cooper previously informed the Court) and (b) that that trial has been rescheduled to commence on the morning of Tuesday, December 20, 2011, before Judge Copenhaver, Mr. Cooper is filing this rather short memorandum ahead of schedule in order to meet the time frames set forth in the order of December 6, 2011.

In his Motion for Summary Judgment, Intervening Plaintiff Thornton Cooper has moved on this date that this Honorable Court issue an order (1) that declares *W. Va. Code § 1-2-3*, as amended in 2011 by Enrolled Senate Bill No. 1008, to be unconstitutional and null and void in violation of federal law, (2) that enjoins the Defendants from enforcing that statute in the 2012 elections, and (3) that requires the Defendants to conduct the 2012 congressional elections in West Virginia under one of the plans submitted by Intervening Plaintiff Cooper.

Attached to that Motion for Summary Judgment is the Affidavit by Thornton Cooper in Support of his Motion for Summary Judgment.

To comply with the "as nearly as practicable" equality-of-population standard for congressional redistricting under *Article I, Section 2, Clause 1*, of the *United States Constitution*, a state must make a good-faith effort to achieve "precise mathematical

equality" between and among congressional districts. *Kirkpatrick v. Preisler*, 394 U.S. 526, 89 S. Ct. 1225, 22 L. Ed. 2d 519 (1969).

Under *Karcher v. Daggett*, 462 U.S. 725, 103 S. Ct. 2653, 77 L. Ed. 2d 133 (1983), the United States Supreme Court discussed a two-step process for determining whether congressional-redistricting legislation is in compliance with that federal constitutional provision. The first step of the test is to establish whether the population differences in a state statute between or among congressional district could have been reduced or eliminated by a good-faith effort to draw districts with equal population.

As page 11 of that affidavit reflects, Enrolled Senate Bill No. 1008 divided West Virginia into three congressional districts with populations of 615,991, 620,862, and 616,141. The population variance between the most populous and least populous congressional districts under that legislation is **4,871**, or **0.78862%** of the ideal population of 617,665.

As pages 7 and 8 of that affidavit reflects, Cooper Plan No. 1 would divide West Virginia into three congressional districts with populations of 617,341, 617,869, and 617,784. The population difference between the most populous and least populous congressional districts under that plan would be **528**, or **0.08548%** of the ideal population of 617,665.

As pages 8 and 9 of that affidavit reflects, Cooper Plan No. 2 would divide West Virginia into three congressional districts with populations of 617,778, 617,432, and 617,784. The population variance between the most populous and least populous congressional districts under that plan would be **352**, or **0.05699%** of the ideal population of 617,665.

As page 9 of that affidavit reflects, Cooper Plan No. 3 would divide West Virginia into three congressional districts with populations of 617,778, 617,667, and 617,549. The population variance between the most populous and least populous congressional districts under that plan would be **229**, or **0.03708%** of the ideal population of 617,665.

As pages 12 and 13 of that affidavit reflect, Cooper Plan No. 4 would divide West Virginia into three congressional districts with populations of 617,663, 617,667, and 617,664.   The population variance between the most populous and least populous congressional districts under that plan would be **4**, or **0.00065%** of the ideal population of 617,665.

In addition to those four plans, several other congressional-redistricting proposals with population variances below **4,871** were submitted to the Legislature.

It should be obvious that the Plaintiffs and the Intervening Plaintiff have met the first step of the *Karcher* test.  *See, Stone v. Hechler*, 782 F. Supp. 1116, 1125, 1126 (N. D. W. Va. 1992).

The second step of the *Karcher* test is for the state to prove that each population variance was necessary to achieve a legitimate goal.  *Stone v. Hechler*, at 1126.

Although the district court, in *Stone v. Hechler*, allowed West Virginia's 1991 congressional-redistricting statute, with a maximum population variance of **556**, to stand, the weight of federal case law and of state legislation since 1990 is toward plans that have a population variance of fewer than 10 persons between the most populous and least populous congressional districts in a state.  *See, e.g., Vieth v. Pennsylvania,* 195 F. Supp. 2d 672 (M. D. Pa. 2002), *appeal dismissed, Jubelirer v. Vieth*, 537 U.S. 801, 123 S. Ct. 67, 154 L. Ed. 2, *appeal dismissed, Schweiker v. Vieth*, 537 U.S. 801,

123 S. Ct. 68, 154 L. Ed. 2 (holding that the Commonwealth of Pennsylvania failed to meet its burden that the population variance of **19** between the most populous and least populous congressional districts was necessary to achieve some legitimate goal).

During the last two decades the great majority of states have moved **forward** to nearly exact population equality between and among a state's congressional districts.

Unfortunately, the West Virginia Legislature has knowingly chosen to move the state **backward**.

Intervening Plaintiff Thornton Cooper submits that the Defendants herein, as a matter of law, are precluded from successfully asserting any legitimate goals -- whether those goals relate to achieving or preserving compactness, to avoiding the division of counties between or among congressional districts, to preserving the cores of congressional districts, or to protecting incumbents -- that would in 2011 justify a population variance of **4,871** between the most populous and least populous congressional districts in West Virginia.

Accordingly, the motion for summary judgment should be granted.


**THORNTON COOPER**

**Intervening Plaintiff**

**Pro Se**

/s/ Thornton Cooper
Thornton Cooper (WVSB No. 823)
3015 Ridgeview Drive
South Charleston, WV  25303
 (304) 744-9616 (home)
thornbush@att.net

Dated:  December 19, 2011

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**JEFFERSON COUNTY COMMISSION;**
**PATRICIA NOLAND,** *as an individual*
*and behalf of all others similarly situated*;
**and DALE MANUEL,** *as an individual and*
*behalf of all others similarly situated*,

       Plaintiffs, and

**THORNTON COOPER,**

       Intervening Plaintiff,

**v.**                           **Civil Action No. 2:11-CV-989**
                                      **(KING, BAILEY, BERGER)**

**NATALIE E. TENNANT,** *in her capacity as*
*the Secretary of State*; **EARL RAY TOMBLIN,**
*in his capacity as the Chief Executive Officer*
*of the State of West Virginia*; **JEFFREY**
**KESSLER,** *in his capacity as the Acting*
*President of the Senate of the West Virginia*
*Legislature*; **and RICHARD THOMPSON,** *in*
*his capacity as the Speaker of the House of*
*Delegates of the West Virginia Legislature*,

       Defendants.

### CERTIFICATE OF SERVICE.

       I, Thornton Cooper, Intervening Plaintiff, do hereby certify that on December 19, 2011, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION**

6

**BY THORNTON COOPER FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

David M. Hammer, Esq.
Hammer, Ferretti & Schiavoni
408 West King Street
Martinsburg, WV  25401
Phone: (304) 264-8505
Fax: (304) 264-8506
dhammmer@hfslawyers.com
Counsel for Plaintiffs;

Stephen G. Skinner, Esq.
Skinner Law Firm
P. O. Box 487
Charles Town, WV  25414
Phone:  (304) 725-7029
Fax:  (304) 725-4082
sskinner@skinnerfirm.com
Counsel for Plaintiffs;

George E. Carenbauer, Esq.
Steptoe & Johnson
P. O Box 1588
Charleston, WV  25326
Phone: (304) 353-8000
Fax:  (304) 353-8180
George.Carenbauer@steptoe-johnson.com
Counsel for DefendantJeffrey Kessler;

Anthony J. Majestro, Esq.
Cynthia A. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Phone:  (304) 346-2889
Fax:  (304) 346-2895
amajestro@powellmajestro.com
cmajestro@powellmajestro.com
Counsel for Defendant Richard Thompson; and

Thomas W. Rodd, Esq.
Assistant Attorney General
Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, WV  25301
Phone: (304) 558-5830
Fax: (304) 558-5833
twr@wvago.gov
Counsel for Defendants Natalie E. Tennant and Earl Ray Tomblin.

/s/ Thornton Cooper
Thornton Cooper (WVSB No. 823)
3015 Ridgeview Drive
South Charleston, WV  25303
(304) 744-9616 (home)
thornbush@att.net