IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JEFFERSON COUNTY COMMISSION;**
**PATRICIA NOLAND,** *as an individual*
*and behalf of all others similarly situated*;
**and DALE MANUEL,** *as an individual and*
*behalf of all others similarly situated*,

      Plaintiffs, and

**THORNTON COOPER,**

      Intervening Plaintiff,

v.                                                                 Civil Action No. 2:11-CV-989
                                                       (KING, BAILEY, BERGER)

**NATALIE E. TENNANT,** *in her capacity as*
*the Secretary of State*; **EARL RAY TOMBLIN,**
*in his capacity as the Chief Executive Officer*
*of the State of West Virginia*; **JEFFREY**
**KESSLER,** *in his capacity as the Acting*
*President of the Senate of the West Virginia*
*Legislature*; **and RICHARD THOMPSON,** *in*
*his capacity as the Speaker of the House of*
*Delegates of the West Virginia Legislature*,

      Defendants.

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY**

**INTRODUCTION**

      Defendants, Natalie E. Tennant, in her capacity as the Secretary of State West Virginia; Earl Ray Tomblin, in his capacity as the Chief Executive Officer of the State of West Virginia; Jeffrey Kessler, in his capacity as the President of the Senate of the West Virginia Legislature; and Richard Thompson, in his capacity as the Speaker of the House of Delegates of the West

Virginia Legislature (collectively "Defendants"), by their respective undersigned Counsel, have filed their Emergency Motion for Stay Judgment Pending Appeal. For the reasons set forth herein, the Defendants request that the Court promptly grant the motion. Defendants further request the Court expedite the decision on this motion to allow timely presentation of an application to stay to the Supreme Court of the United States, if necessary. Defendants seek a final ruling on the issue of a stay prior to the commencement on January 11, 2012 of the 2012 Regular Session of the West Virginia Legislature.

## STATEMENT OF FACTS

The Defendants presume that this Court is familiar with the underlying facts in this case so those facts will not be repeated herein. Defendants incorporate the factual record developed during these proceedings. Further facts in support of the motion are set forth herein.

In its Memorandum Opinion and Order [Doc. 68], the Panel Majority found West Virginia's congressional redistricting legislation unconstitutional. The Memorandum Opinion and Order seeks to implement a remedy as an "interim plan" subject to certain conditions. Doc. 68 at p. 32. Under the interim plan, the Court will, on or after January 17, 2012, "identify an interim plan for use in the 2012 congressional elections in West Virginia from among those currently in the record of this case, likely either the so-called "Perfect Plan" or Cooper Plan 4" unless prior to that date, Defendants present the Court with an alternative plan (either legislatively enacted or not) that satisfies the Panel Majority's interpretation of the Constitution. *Id*. at p. 31-32.

With respect to the alternatives, President Kessler and Speaker Thompson have received input from their members. While there was overwhelming support for Senate Bill 1008 as enacted, there is no such consensus over alternatives to Senate Bill 1008 and it is by no means

certain that a consensus could be reached between now and the Majority's January 17, 2012 deadline. Moreover, President Kessler and Speaker Thompson do not believe it is appropriate for them to present the Court with proposed alternatives that have not been approved by a majority of their members. Similarly, Governor Tomblin and Secretary Tennant do not believe that it is appropriate for them to urge the Court to in essence judicially enact redistricting legislation even if it is done so on an "interim" basis.

Even if the Defendants propose or enact a new redistricting plan, the Court has indicated that "the plaintiffs should be accorded the opportunity to assess and offer comment to the Court with respect to any such plans" offered by the Defendants. Doc. 68 at p. 31, n.14. Such plans would be subject to objection and further contested proceedings. Indeed, because the Court did not rule on the question of compactness under the West Virginia Constitution, such plans would be potentially subject to challenge on that basis further delaying the implementation of a redistricting plan.

The Defendants plan to appeal the Memorandum Opinion and Order. They are doing so based upon their judgment that it is incorrect on the merits and/or incorrect with respect to the proposed interim remedy.[1] The Defendants are also appealing based upon the public and private opposition to the decision. *See, e.g.,* GOP Leaders Demand Redistricting Fix, Charleston Daily Mail, Jan. 5, 2012 http://www.dailymail.com/News/statenews/201201040188; Redistricting is a Legislative Function, Charleston Daily Mail, Jan. 5, 2012,

---

[1] Senator Kessler and Speaker Thompson will appeal both the decision finding Senate Bill 1008 unconstitutional and the remedy proposed by the Majority. Governor Tomblin joins in this Emergency Motion to Stay and will join in the appeal insofar as it seeks reversal of the interim remedy imposed by the Majority. Secretary Tennant joins in this Emergency Motion to Stay and will join in the appeal in so far as it seeks reversal of the interim remedy imposed by Majority. Secretary Tennant, however, remains neutral on the merits of the constitutionality of Seante Bill 1008 case and will not join in on an appeal on that basis. The stay and the question of the remedy will resolve election conduct procedural issues - which is the Secretary's responsibility - while the appeal will decide the legal issues - which is not her responsibility.

http://www.dailymail.com/Opinion/Editorials/201201040120; Kanawha Officials Strongly Oppose Splitting Congressional Districts, Charleston Gazette, January 5, 2012, http://wvgazette.com/News/201201050231. Like Senate Bill 1008, the concerns that have been expressed have been bipartisan. *See* Resolution of the Kanawha County Commission attached as Exhibit A (unanimous opinion of commission comprised of two Democrats and one Republican); Charleston Gazette, January 5, 2012, http://sundaygazettemail.com/News/201201050220 (quoting the Republican House Minority leader).

Senate Bill 1008 was adopted after extensive public input based upon the Legislature's belief that it was constitutional. If the Court or the Legislature is to come up with a new plan based on the Majority's interpretation of the law, the Defendants believe that reasonable time for public input is necessary -- including the opportunity for those not parties to this action to intervene and file their own plans.

Finally, with respect to timing, the filing period for the May 8, 2012 primary commences on January 9, 2012. *See* Tennant Answer at pp. 6-7 [Doc. 26]. In this election, in addition to selecting three members of the United States House of Representatives, West Virginia voters will vote for their choice for President of the United States, one United States Senator, two Justices of the Supreme Court of Appeals, the Governor, all of the other state executive offices, one-half of the West Virginia State Senate and the entire West Virginia House of Delegates. In addition, there are various local offices on the ballots. With respect to the Legislature, the election will be the first to be conducted under the post-2010 redistricting adopted by Senate Bill 1004 and House Bill 201. Some existing elected officials are contemplating whether to run for reelection or one of the three congressional seats. *See* Charleston Daily Mail, December 21, 2011, http://dailymail.com/News/201112200143

(noting Delegate Tim Manchin considering run for congressional seat). Secretary Tennant has informed the other Defendants that delaying the choice of new congressional districts so that the existing filing deadlines need to be extended more than a few days beyond the current January 28, 2012 deadlines threatens the orderly administration of this important election.

Finally, the remedy imposed by the Court forces a choice between either (1) appealing the decision striking down a redistricting bill that was supported by substantial, bipartisan majorities of the peoples' elected representatives and risking the Court's selection of either a plan specifically rejected by the Legislature (the Perfect Plan) or one drafted by a single citizen and not presented in any public forum prior to being filed with this Court (Cooper Plan 4) or (2) enacting a new plan on a rush basis and abandoning the ability to appeal as enactment of a new plan would likely moot the appeal of the decision holding Senate Bill 1008 unconstitutional.

## ARGUMENT

**THIS COURT SHOULD STAY THE MEMORANDUM DECISION AND ORDER AND PERMIT THE 2012 CONGRESSIONAL ELECTION TO BE CONDUCTED UNDER THE PROVISIONS OF SENATE BILL 1008 PENDING A FINAL DECISION ON THE APPEAL OF THE DEFENDANTS.**

Rule 62(c) governs the instant motion. It provides:

> (c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
>
> (1) by that court sitting in open session; or
>
> (2) by the assent of all its judges, as evidenced by their signatures.

Fed. R. Civ. Pro. 62. In deciding whether to grant the stay, this Court applies a familiar four-part test:

5

> The merits of the motion are governed by the four-part test set forth in *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970), which requires the moving party to show 1) that it would likely prevail on the merits of the appeal; 2) that it will suffer irreparable injury if the stay is denied; 3) that the other parties will not be substantially harmed by the stay; and 4) that the public interest will be served by granting the stay.

*Bragg v. Robertson*, 190 F.R.D. 194, 196 (S.D.W.Va. 1999). In addition, when public policies are implicated by the Court's injunction, the Court has the discretion to issue a stay "so that reasoned decisions [by government officials] can be made with all deliberate speed, but with distractions minimized" even in the absence of compliance with the four-part test. *Id.*

With respect to the first of the four factors, Defendants believe that they have established a likelihood of success on the merits. With respect to the challenge to the constitutionality of Senate Bill 1008, President Kessler and Speaker Thompson incorporate their previous filings and arguments of counsel. As succinctly put by Judge Bailey in his dissent:

> As such, a comparison of the adopted plan with the others under consideration clearly shows that the Legislature's exercise of discretion in selecting this plan is beyond reproach. In holding otherwise, the majority has ignored the Court's admonition in *Abrams* that "[t]he task of redistricting is best left to state legislatures, elected by the people and as capable as the courts, if not more so, in balancing the myriad factors and traditions in legitimate districting policies." 521 U.S. at 101. Therefore, I believe that variance in the plan adopted was necessary to achieve the State's objectives, applying this standard flexibly after consideration of the four factors articulated in *Karcher*. Accordingly, I would conclude that the State has violated neither Article I, § 2 of the Constitution of the United States nor Article I, § 4 of the Constitution of West Virginia.

Doc. 66 at pp. 9-10. The Majority likely disagrees; however, at the very least, the lack of unanimity supports limiting the weight this factor has for either side. *See Karcher v. Daggett*, 455 U.S. 1303, 1306-07, 102 S. Ct. 1298, 1300, 71 L. Ed. 2d 635 (1982) (Brennan, J., in chambers) (granting stay after finding a "fair prospect of reversal").

All of the Defendants believe that success is likely on their challenge to the remedy adopted by the Court. The Supreme Court has consistently allowed States to proceed under challenged election statutes pending appeal to the United States Supreme Court. Indeed, as noted by Justice Brennan in *Karcher* itself:

> Under the District Court order the legislature must either adopt an alternative redistricting plan before March 22 next or face the prospect that the District Court will implement its own redistricting plan. With respect to the balance of the equities, this Court has repeatedly emphasized that legislative apportionment plans created by the legislature are to be preferred to judicially constructed plans.

*Karcher v. Daggett*, 455 U.S. 1303, 1306-07, 102 S. Ct. 1298, 1300, 71 L. Ed. 2d 635 (1982) (Brennan, J., in chambers) (granting stay pending appeal); *see also Kirkpatrick v. Preisler*, 390 U.S. 939, 88 S. Ct. 1053, 19 L. Ed. 2d 1129 (1968) (permitting State of Missouri to conduct the 1968 congressional elections under and pursuant to the 1967 Missouri Congressional Reapportionment Act); *White v. Weiser*, 412 U.S. 783, 789, 93 S. Ct. 2348, 2351-52, 37 L. Ed. 2d 335 (1973) (noting that Supreme Court permitted congressional election to be conducted under plan declared unconstitutional by three-judge panel).

The second factor is irreparable injury. Forcing the State to choose between appeal and either adopting an alternative redistricting plan before January 17, 2012 or facing the prospect that the Court will implement its own redistricting plan constitutes irreparable injury. *Karcher v. Daggett*, 455 U.S. 1303, 1306-07, 102 S. Ct. 1298, 1300, 71 L. Ed. 2d 635 (1982) (Brennan, J., in chambers). With respect to balancing that harm against the harm to the plaintiffs, the strong preference for legislatively adopted plans over judicial plans renders any harm to the plaintiffs from the small variance in this case outweighed by the harm to the defendants. *Id.* The harm to the plaintiffs should be give less weight due to delay in bringing this case. Senate Bill 1008 was

adopted in August. The plaintiffs' challenges, however, were not brought until November. No reasons have been given for this delay.

Finally, the public interest will be served by granting the stay. As noted above, there is a strong public outcry against several of the options presented by the Court as "interim" remedies. In addition, the public is not served by the rush to adopt a redistricting plan necessitated by the Court's ruling. Finally, the fact that the Defendants, all of whom are elected constitutional officers sworn to uphold the state and federal constitutions, support the stay is evidence that public policy supports the stay.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court should grant the requested stay and allow the congressional election to proceed under the redistricting plan set forth in Senate Bill 1008 pending the Defendants' Appeal to the Supreme Court of the United States. Furthermore, the Defendants respectfully request that the Court determine this motion on an emergency basis.

**NATALIE E. TENNANT, in her capacity as the Secretary of State and**

**EARL RAY TOMBLIN, in his capacity as the Chief Executive Officer of the State of West Virginia**
**By Counsel**

/s/ Thomas Rodd
Thomas Rodd, Esq.  (WVSB 3143)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV  25301

**RICHARD THOMPSON, in his capacity as the Speaker of the West Virginia House of Delegates**

**By Counsel**

/s/ Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone: 304-346-2889
Fax:    304-346-2895
amajestro@powellmajestro.com
cmajestro@powellmajestro.com

**JEFFREY KESSLER, in his capacity as President of the West Virginia State Senate**

**By Counsel**

/s/ George E. Carenbauer
George E. Carenbauer (WVSB 634)
Steptoe & Johnson, PLLC
PO Box 1588
Charleston, WV  25326
Phone: 304-353-8000
Fax:    304-353-8180
George.Carenbauer@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Charleston

JEFFERSON COUNTY COMMISSION,
PATRICIA NOLAND, et al.,

      Plaintiffs,

v.                                      **Civil Action No. 2:11-CV-00989**
                                          **(Honorable King, Bailey, Berger)**

NATALIE E. TENNANT, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

      I, Anthony J. Majestro, do hereby certify that on January 6, 2012, I electronically filed the **MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

David M. Hammer, Esq.
Hammer, Ferretti & Schiavoni
408 W. King Street
Martinsburg, WV 25401
Phone: 304-264-8505
Fax: 304-264-8506
dhammer@hfslawyers.com
*Counsel for Plaintiffs*

Stephen G. Skinner, Esq.
Skinner Law Firm
PO Box 487
Charles Town, WV 25414
Phone: 304-725-7029
Fax: 304-725-4082
sskinner@skinnerfirm.com
*Counsel for Plaintiffs*

Thornton Cooper, *pro se*
3015 Ridgeview Drive
South Charleston, WV 25303
304-744-9616
thornbush@att.net

Thomas Rodd, Esq.
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301
*Counsel for the Secretary of State and the Governor*

George E. Carenbauer (WVSB 634)
Steptoe & Johnson
PO Box 1588
Charleston, WV 25326
Phone: 304-353-8000
Fax: 304-353-8180
George.Carenbauer@steptoe-johnson.com
*Counsel for the President of the WV State Senate*

                                              /s/ Anthony J. Majestro
                                              **Anthony J. Majestro (WVSB 5165)**